WORCESTER COUNTY INSTITUTION FOR SAVINGS *vs.* CITY OF WORCESTER.

Savings banks are not taxable for bank stock in which they have invested money received on deposit.

ACTION OF CONTRACT to recover $1,188.22, and interest thereon, from September 15, 1851, paid by the plaintiffs, an incorporated company, under a protest, as a tax assessed by the assessors of Worcester upon bank stock held by the plaintiffs.

It was submitted to this court on an agreed statement of facts.

At the time said tax was assessed, namely, on the first day of May, 1851, the plaintiffs were doing business in the city of Worcester, in pursuance of the provisions of their charter and by-laws, and the various statutes of this commonwealth in relation to savings banks or institutions, and in their said character and capacity, held the following property:

Bank stocks in various banks in the Commonwealth, amounting, at par value, to . . . . . $152,430

Similar bank stocks standing in the name of said
institution, pledged as security for loans made
by said institution, amounting, at par value, to 40,000.

The aforesaid property was the investments made by the plaintiffs, at various times, of deposits made according to the

provisions of said charter and by-laws, from time to time by 7,517 depositors, residing in various towns in this commonwealth; and for the said bank stock, belonging to the plaintiffs, said tax was assessed and paid as aforesaid.

If the tax was legally assessed, the plaintiffs are to become nonsuit; otherwise, the defendants are to be defaulted.

*J. Mason,* for the plaintiffs.

*H. Chapin,* for the defendants.

METCALF, J. The only question in this case is, whether the plaintiffs were legally taxed for the bank stock in which they had invested the money received by them on deposit. And we deem it very clear that they were not. They pay interest on the deposits received by them; Rev. Sts. *c.* 36, § 81; and the several depositors are taxable as for money at interest. Rev. Sts. *c.* 7, § 4. It is true that the plaintiffs receive interest, by way of dividends, on the deposits which they invest in bank stock; but as they pay interest to the depositors, they are not taxable for the money thus at interest; because, by Rev. Sts. *c.* 7, § 4, it is only "moneys at interest, due to the persons to be taxed, more than they pay interest for," that are taxable.

This case is not distinguishable from that of banks and manufacturing corporations, in which the stockholders, and not the corporations, are taxable for the stock, with the single exception of machinery employed in manufactures. Rev. Sts. *c.* 7, § 10.                                              *Defendants defaulted.*